IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

ELVIS E. PENDLETON )
)
v. ) NO. 3:04-0257
) JUDGE CAMPBELL
OVER THE TOP, L.L.C., et al. )

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 27).

For the reasons stated herein, Defendant's Motion is DENIED.

FACTS

Plaintiff is a resident of New York who was formerly stationed, as a member of the U.S.

Army, at Fort Campbell, Kentucky. Defendant is a Tennessee corporation which conducts business

as Kickers Country Club, a nightclub/lounge in Clarksville, Tennessee.

On April 27, 2003, Plaintiff entered Defendant's establishment, Kickers Country Club, and

was involved in an argument with another patron. Plaintiff's Complaint alleges that Plaintiff

attempted to walk away from the impending altercation when he was restrained and repeatedly

beaten by employees of the nightclub. Plaintiff contends that at no time did he attempt to strike a

blow to any individual in the nightclub and yet he was physically restrained and injured. Plaintiff's

Complaint alleges causes of action for negligence, assault and battery, false imprisonment and

outrageous conduct.

Defendant has moved for summary judgment, arguing that the actions of Defendant's

employees were reasonable and that it is entitled to judgment as a matter of law.

## SUMMARY JUDGMENT

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); <u>Meyers v. Columbia/HCA Healthcare Corp.</u>, 341 F.3d 461, 466 (6th Cir. 2003). In deciding a motion for summary judgment, the court must view the factual evidence and draw all reasonable inferences in favor of the nonmoving party. <u>Id</u>.; <u>Hopson v. DaimlerChrysler Corp.</u>, 306 F.3d 427, 432 (6th Cir. 2002).

To prevail, the non-movant must produce specific evidence that demonstrates there is a genuine issue of material fact for trial. <u>Meyers</u>, 341 F.3d at 466. A mere scintilla of evidence is insufficient; there must be evidence on which the jury could reasonably find for the non-movant. <u>Id</u>. The non-moving party may not rest on mere allegations but must set forth specific facts showing that there is a genuine issue for trial. <u>Hopson</u>, 306 F.3d at 432.

## DISCUSSION

The parties to this action clearly dispute what actually happened in the Kickers Country Club on the night in question. <u>See</u>, <u>e.g.</u>, Docket No. 35, ¶¶ 20, 23-27, 29-30, 32-36. These genuine issues of material fact preclude summary judgment on all Plaintiff's alleged causes of action. As noted by Plaintiff, whether Defendant's employees were justified in their physical handling of Plaintiff and whether such force used was reasonable are questions for a jury.

Because the facts underlying Plaintiff's Complaint are clearly disputed, Defendant's Motion for Summary Judgment (Docket No. 27) is DENIED. This case remains scheduled for a jury trial on December 6, 2005.

2

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE